### Cutler Laflin vs. Lorenzo D. Brown & others.

*Nul disseizin* was pleaded to a writ of entry brought by the assignee of a mortgage to recover possession of the mortgaged premises, and the defence was, that the several notes secured by the mortgage were given without consideration, and had been paid ⟨ After the evidence was heard, the judge, erroneously supposing that the parties had agreed to submit to the jury the question of the amount, if any thing, due to the demandant, instructed the jury, that if they found any sum due to the demandant and unpaid, they might return simply, that so much was due to him and unpaid, and that the verdict might be put into due form in court: The jury returned "verdict for plaintiff of $100," which was amended and entered thus: "The jury find that the defendants did disseize the plaintiff, in manner and form," &c. *Held*, that the finding as to the amount due was not mere surplusage, which the court might reject at its discretion; and that, as the question of amount was improperly submitted to the jury, the verdict should be set aside and a new trial granted.

Writ of entry to recover an undivided moiety of certain real estate of which the demandant alleged that he was seized in fee and in mortgage. Plea *nul disseizin*. Defence (as per specification filed) that the notes secured by the mortgage, and also the notes secured by the assignment of the mortgage to the demandant, were without consideration, and also that they had been paid before this action was commenced. The trial was in the court of common pleas, and the judge, before whom the trial was had, made the following report thereof:

The demandant read in evidence a mortgage deed executed by Lorenzo D. Brown to Leeman Church, dated May 22d 1837, on condition to pay three notes of $500 each, with interest, one in six months, one in twelve and one in eighteen months

from date :   An assignment of said mortgage, by said Church, on the 9th of June 1837, to Laflin, the demandant, and Matthew D. Field, on condition that said Lorenzo D. Brown pay to said Laflin & Field his two several promissory notes, payable to them or order, each in the sum of $500, one payable in six and one in nine months, dated on said 9th day of June. The demandant also introduced an assignment by Ralph Day, assignee of said Field, who had become a bankrupt, of said Fie'd's interest and title in said mortgages, and also said Field's right and title to said two notes given by said Brown to said Laflin & Field ; which notes were produced by the demandant in evidence. He also produced two of the aforesaid notes, given by said Brown to said Church, one payable in twelve and the other in eighteen months from date ; but said notes were not indorsed by said Church. In the assignment of the said mortgage by Church to the demandant and Field, Church recited, that in consideration of one thousand dollars paid by said Laflin & Field, he assigned to them the said mortgage *and the note* in said mortgage deed mentioned.

The tenants contended, that in no event could the demandant recover on this mortgage more than one of the notes. The court ruled, that the execution of said assignment and the delivery of both of said notes to the assignees, and their possession thereof, under said assignment, were sufficient, with the other facts aforesaid, to prove the demandant's title to both of said notes given to Church as aforesaid.

After the demandant had offered evidence showing title, the tenants opened their defence according to the specification thereof, and gave evidence tending to show that the notes, given by said Brown to said Church, had been paid ; and also evidence which their counsel insisted tended to show that the notes, given by said Brown to said Laflin & Field, were given without consideration, and also evidence tending to show that said notes had been paid. The demandant then offered evidence in reply to the tenants' evidence, and the case was argued to the jury, by the respective counsel, on the questions raised in the defence.

The evidence was submitted to the jury with instructions from

the court to ascertain whether the notes given by Brown to Church were paid to Church, and if so, whether before or after they were assigned to said Laflin & Field; and the court instructed the jury, that if they were paid to said Church before the assignment, without notice thereof to said assignees, or if paid to said Church at any time after said assignment and delivery to said assignees, such payment would not be a good and valid payment against the demandant. The jury were also instructed to inquire whether the same two notes had been paid to said Laflin & Field, or either of them, and that, if so, the demandant had no right to recover. The jury were also instructed to inquire and ascertain whether the said two notes, given by said Brown to said Laflin & Field, had been paid, or were given without consideration; and if so, that the demandant had no right to recover; that if the debt of said Brown to said Laflin & Field, secured by said notes and assignment, had been fully paid, either by the payment of the said Church notes, or the said Laflin & Field notes, in manner aforesaid, the demandant was not entitled to recover; but if the said notes were good and valid, and any part of the debt secured to the demandant thereby remained unpaid, the demandant was entitled to a verdict and judgment.

The court also, upon the supposition that the parties intended to submit to the jury the question as to the amount due to the demandant, if any thing, instructed the jury to find that amount; that they need not give themselves any trouble about the form of their verdict; but if they found that a sum was due to the demandant and unpaid, they might return simply that so much was due to the demandant and unpaid, and the verdict might be put into due form in court. No objection was made to the direction, at the time.

The jury returned a verdict in the following form: "Verdict for plaintiff of $100." The clerk read the verdict to the court, and, without informing the counsel of its contents, drew a verdict in the form following; "the jury find that the defendants did disseize the plaintiff, in manner and form as he in his declaration has alleged;" which he sent to the jury, in their seats. and

it was signed by the foreman.   The counsel for the tenants then seeing the verdict, as first returned by the jury, moved to have that added to the verdict as drawn by the clerk.   The court so directed, in order that the tenants might have the benefit of it, if any ; and the clerk then added, " and find the amount due on the mortgage $ 100."   The said verdict was then affirmed in the usual manner.   A trial before the other jury was suspended for the purpose of taking this verdict, and no time was taken for discussion or deliberation as to the effect of taking the verdict in the manner and form aforesaid.   The tenants moved that said verdict be received entire, or entirely rejected, and that if judgment were rendered thereon, it should be the conditional judgment for $ 100 only.   If the court should refuse to enter judgment according to said motion, then they moved that the court receive only the verdict as originally returned by the jury, and set aside the amended verdict.

The demandant moved that conditional judgment be rendered, according to the provisions of Rev. Sts. c. 10⁻, rejecting the finding of the jury as to the sum due, and that the court proceed to inquire and adjudge for what sum the conditional judgment should be rendered.

The court overruled the said motions of the tenants, set aside that part of the amended verdict which found the sum due, and ordered conditional judgment to be entered for such sum as the court, on inquiry, should find to be due.   The tenants alleged exceptions to the aforesaid proceedings of the court.

*Byington*, for the tenants.   The parties are bound by the verdict as to the amount, or are not bound at all.   If the question as to the amount due was not submitted to the jury by consent of the parties, and the judge, of his own mere motion, directed the jury to find how much was due to the demandant, he had no right to reject the finding which he had ordered.   *Copeland v. Wadleigh*, 7 Greenl. 141.

*Porter*, for the demandant.   The issue to be tried was, whether the tenants had disseized the demandant ; and the jury had no cognizance of any other question.   By the Rev. Sts. c. 107, § 5, the court are to inquire and determine how much is due to

a demandant, when it has been ascertained, by the jury or otherwise, that he is entitled to a conditional judgment. And so it was by *St.* 1785, *c.* 22, § 1. The jury probably found that $100 was due, because the writ ordered an attachment to that amount, and the damages were laid at that sum. No evidence of partial payment was offered ; but the evidence, if it proved any payment at all, proved payment in full. The verdict was therefore for the demandant on the issue joined. In this case, it is true, as it was said by Wilmot, J. to be, in *Hawks* v. *Crofton*, 2 Bur. 700, " if the defendant had proved his justification, the verdict could not have been found as it is." And the court was well warranted in putting the informal verdict into proper form. 2 Bur. *ubi sup.* Yelv. (Amer. ed.) 78, *note* (1.) *Porter* v. *Rummery*, 10 Mass. 66. *Hodges* v. *Raymond*, 9 Mass. 319. *Ropps* v. *Barker*, 4 Pick. 239. As the amount due to the demandant was not in issue, judgment was rightly entered on the finding of the matter only which was in issue. Bac. Ab. Verdict, N. *Bacon* v. *Callender*, 6 Mass. 304. *Lincoln* v *Hapgood*, 11 Mass. 358.

*Byington*, in reply. A court may doubtless order a verdict to be put into proper form, where a jury go beyond what is submitted to them, and include in their verdict matter of surplusage. But in this instance, the jury have found the very matter which they were directed to decide ; and that matter is not mere surplusage. The authorities cited are therefore inapplicable to this case.

HUBBARD, J. In this case no question was raised as to the execution of the mortgage deed and the assignment to the demandant ; but the questions submitted to the jury were, whether two of the notes given by the tenant Brown, and which were secured by the mortgage, had been paid by him ; and also whether two other notes, given by said Brown to Laflin & Field, and which were intended to be secured by the assignment of the mortgage, were given to Laflin & Field without consideration, or had been paid. And the jury were also instructed to ascertain the amount due to the demandant on the notes, if any thing was due.

The issue in the case was, whether the tenants had disseized the demandant; which issue depended on the fact whether the notes were void for want of consideration, or had been paid. If either of those facts was true, or if part of the notes were void for want of consideration, and the others had been paid, then the tenants were entitled to a verdict; otherwise, the demandant would prevail.

But the court further instructed the jury, on the supposition that the parties intended to submit the question as to the amount due to the demandant, to find the same specifically, if they found for the demandant.

The Rev. Sts. *c.* 107, § 5, require that "when the conditional judgment is to be entered, the court shall inquire and determine how much is due to the plaintiff on the mortgage, and shall then enter judgment, that if the defendant shall, within two months after the judgment, pay," &c. Now here the court directed the jury to ascertain the amount while the question was pending whether any conditional judgment should be rendered or not. We think therefore the inquiry directed by the judge was premature and not warranted by any usage, nor contemplated by the framers of the statute. But if the parties had agreed to this course, we should not feel inclined to disturb the finding of the jury, as the consent of the parties would take away the error, if any, in the proceeding. And we see no reason, where the parties agree, why the court may not direct an issue to the jury, to ascertain the sum for which the conditional judgment shall be entered. But here we think there is not sufficient evidence of any such agreement; nor did the judge so deem it, as is apparent from his final ruling in the case.

The jury may have been misled by the direction given them that they were to ascertain the sum due; and we cannot say that they would have agreed in their verdict, if they had supposed that such a finding by them did not as well settle the amount due, as the fact that the demandant was entitled to recover. This seems probable from the statement of the learned counsel, in his argument, that the evidence, if it went at all against the notes, went against all of them; if the evidence

49*

proved payment, it proved payment of all. Now the jury came
to no such conclusion ; for they found either a want of consider-
ation for a part of the notes, or payment of a large part, and a
small balance due ; and we may well doubt, therefore, whether
they would have agreed on a verdict, the result of which might
have been, that the defendants would be charged with all the
notes.

To reject the sum found by the jury, and yet retain the ver-
dict for the demandant, might be to confirm a verdict which
the jury did not find ; and to say that they must have found for
the demandant, or they could not have found the $100, by no
means follows ; for if they had not found that sum, they might
not have agreed at all. We are of opinion, therefore, that this
was not a mere superfluous finding, to be rejected by the court
at their discretion, but that it entered into the merits of the ver-
dict, and that it may work injustice to retain it. We are of
opinion that the verdict, under the peculiar circumstances of
the case, should be set aside, and a new trial granted ; as we do
not think there is sufficient evidence of a previous agreement
to bind the parties, and there is now no agreement to adopt the
sum found by the jury as the correct amount for which the con-
ditional judgment shall be rendered.

We do not doubt the authorities cited as to the right of the
court to amend an informal verdict, and to make it conform to
the issue between the parties, or to reject that as surplusage
which they were not called upon to find, and which was not
properly submitted to them. But in this case, they were directed
to inquire into and ascertain the amount due ; and this was a
material inquiry. We think it cannot be regarded as merely
formal, or only surplusage.

*Verdict set aside, and a new trial granted.*